Fisher v. O'Brien                         CV-93-638-SD   01/17/96
                UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Linda M. Fisher


        v.                                   Civil No. 93-638-SD


Darren M. O'Brien, et al



                            O R D E R


    This order addresses the issues raised by certain pending

pretrial motions.


1.  Background

    In this litigation, it is alleged that on April 6, 1991,

plaintiff Linda M. Fisher was injured when the horse she was

riding was frightened by a dog named "Doogan".  The dog was

allegedly owned by defendant Darren M. O'Brien, who at the time

resided in Londonderry with his parents, defendants Lewis

O'Brien, Jr., and Phyllis O'Brien.

## 2. Defendants' Motion in Limine to Exclude Evidence of an August 1992 Complaint Against "Doogan", document 15

In August 1992, some 16 months after the incident which gives to the litigation, a dog control officer presented defendant Darren M. O'Brien with a complaint that his dog had defecated on the property of another. As of the time of this complaint, Darren M. O'Brien had moved from his parents' residence to another property.

Defendants contend that evidence of the August 1992 incident is not relevant, Rule 402, Fed. R. Evid.,[1] and by their motion seek to exclude such evidence. Rule 404(b), Fed. R. Evid.,[2] generally requires exclusion of evidence of a past act if the only reason for its proffer is a tendency to suggest that the actor acted in a similar way. Moreover, none of the exceptions stated to this general rule are here applicable.

---

[1]Rule 402, Fed. R. Evid., provides, "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

[2]Rule 404(b), Fed. R. Evid., provides in relevant part, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ."

Rule 406, Fed. R. Evid.,[3] sets forth another exception to Rule 404(b) in that evidence of habit may be introduced to prove that a party's conduct was in conformity with the habit on a material occasion. Undefined in the rule, "habit" is elsewhere described as a "regular response to a repeated specific situation." 2 WEINSTEIN & BERGER, WEINSTEIN'S EVIDENCE ¶ 406[01], at 406-07 (1988) (quoted in Lapierre v. Sawyer, 131 N.H. 609, 611, 557 A.2d 640, 641 (1989)). Adequacy of sampling and uniformity of response are key factors in arriving at a determination of admissible habit. Id. at 406-07, 408.

In the instant case, it is clear that the August 1992 complaint does not qualify for admissibility under either Rule 404(b) or Rule 406, Fed. R. Evid. Evidence of this complaint will accordingly be excluded at trial, and the motion in limine is herewith granted.

---

[3]Rule 406, Fed. R. Evid., provides, "Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."

3. Defendants' Motion in Limine to Exclude Evidence that
Defendants' Dog was Unlicensed, document 17

At the time of the April 1991 incident, "Doogan" was unlicensed, and the failure of this dog to be licensed is violative of the provisions of New Hampshire Revised Statutes Annotated (RSA) 466. As enacted, the object of that statute was to oblige the owners and keepers of dogs to pay the damages caused by them. State v. Howard, 69 N.H. 507, 508, 43 A.2d 592 (1898). It provides for forfeitures and fees to effectuate such purpose.

The licensing portions of RSA 466 do not, however, purport to set a standard, the violation of which may be considered evidence of causality in a tort action. And it is well established that "failure to observe a statutory requirement 'is immaterial unless it contributed to the accident.'" Dunbeck v. Exeter & Hampton Elec. Co., 119 N.H. 4, 7, 396 A.2d 1101, 1104 (1979) (citing and quoting Vassilion v. Sullivan, 94 N.H. 97, 101, 47 A.2d 115, 118 (1946)).

As the failure to license the dog is not relevant to the issues to be here tried, evidence of licensing will be excluded at trial. The motion in limine is herewith granted.

4.  Defendants' Motion for Voir Dire Questions, document 16

Defendants have cast in motion form their suggestion for voir dire questions.  While this court will generally cover the issues thus raised, it will probably not use the language as requested.  Accordingly, defendants' motion is herewith granted in part and denied in part.


5.  Conclusion

The defendants' motions in limine seeking, respectively, exclusion of the complaint of August 1992 (document 15) and exclusion of evidence that defendant's dog did not possess a license (document 17) have been granted.  The defendants' motion for voir dire questions (document 16) has been granted in part and denied in part.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

January 17, 1996

cc:  David L. Nixon, Esq.
     Gordon A. Rehnborg, Jr., Esq.

5